## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ERIC WESTRY,                        :
                                    :
    Plaintiff,                      :
                                    :
v.                                  :  CASE NO. 3:22-cv-685(MPS)
                                    :
MAUREEN DUGGAN, ET AL.,             :
                                    :
    Defendants.                     :
                                    :

### RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

After reviewing the parties' submissions, the undersigned GRANTS in part Plaintiff's motion to reconsider the magistrate judge's decision (Dkt. #111) ("Motion").

### I.    Background and Procedural History

Plaintiff filed the instant Motion (Dkt. #111) in response to this Court's decision to preclude Plaintiff's list of "tentative" experts. Plaintiff's list of designated experts included what appeared to be some of his medical providers as well as some legal academics. See Dkt. #102-2. The Court struck Plaintiff's designation[1] of experts because he failed to serve Defendants with either written reports or sufficiently detailed

---

[1] The Court emphasizes that it only struck Plaintiff's *designation* of experts, not the ability to call them as witnesses whatsoever. More precisely, the Court's previous decision did not preclude Plaintiff from calling any of his medical providers, who provided medical treatment to him, as fact witnesses. As discussed *infra* pp.3-5, there is a legal distinction between a medical provider, who is called as an expert versus as a simple treatment provider.

disclosures of his "tentative experts" as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. See Dkt. #110.

## II. Discussion

Despite this, the Court finds just cause[2] to permit Plaintiff to comply with the Federal Rules of Civil Procedure within the deadlines set forth, *infra* p. 7.

### A. *Plaintiff's Medical Providers*

To begin, the Court will not require Plaintiff to submit expert reports for his treating medical providers.

Under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, a party must ordinarily provide an expert report to accompany the testimony of his "retained expert." In practice, this means that one is usually required to submit an expert report any time he wants to bring in an expert to later testify. There is an exception though. "The general rule is that treating [medical providers] are fact witnesses or non-retained experts[, neither of which require the submission of an expert report.]"[3]

---

[2] Although "[t]he standard for granting [a motion for reconsideration] is strict," Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), the Court grants in part Plaintiff's Motion (Dkt. #111) out of an abundance of caution to "prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

[3] By comparison, "doctors retained for purposes of trial who form their opinions based on knowledge acquired or developed in anticipation of litigation… are [retained] expert witnesses requiring an expert report." Shepler v. Metro-North Commuter R.R., 2016 U.S. Dist. LEXIS 51259, at *3 (S.D.N.Y. Apr. 15, 2016).

Shepler v. Metro-North Commuter R.R., 2016 U.S. Dist. LEXIS 51259, at *3 (S.D.N.Y. Apr. 15, 2016) (citing Mangla v. Univ. of Rochester, 168 F.R.D. 137, 139 (W.D.N.Y. July 10, 1996)) (internal quotations omitted).

Although there is no distinction between a fact witness and a non-retained expert in terms of providing an expert report (i.e., neither one is required to submit an expert report), there is a difference that lies in the long-term impact on a witness's permissible testimony. Indeed, the main difference is the scope to which a treating medical provider may testify.

Importantly, treating medical providers which are properly designated as experts have a broader ability to testify. At trial, any medical providers who are properly designated as experts can "render decisions outside the course of their treatment and beyond the reasonable reading of [one's] medical records." Lamere v. N.Y. State Office for the Aging, 223 F.R.D. 85, 89 (N.D.N.Y. June 29, 2004). Such experts may also discuss medical reports received from other physicians, even when those reports are not relied upon as part of their treatment. See Spencer v. Int'l Shoppes, Inc., 2011 U.S. Dist. LEXIS 106402, at *4 (E.D.N.Y. Sept. 20, 2011). This is all in addition to the ability of such experts to "offer opinion testimony on diagnosis, treatment, prognosis, and causation[.]" Id.

By contrast, treating medical providers which are only designated as fact witnesses have a limited ability to testify on behalf of the party calling them. Although treating medical providers who are designated as such can also "offer opinion testimony on diagnosis, treatment, prognosis, and causation," they may do so "*solely* as to the information he/she has acquired through observation of the Plaintiff in his/her role as a treating physician[,] limited to the facts in Plaintiff's course of treatment." Id. (emphasis in original).

Although Plaintiff's submissions are somewhat unclear, see generally Dkt. #102-2, the Court has reason to believe that Plaintiff's listed medical providers have been employed to actually treat Plaintiff, not merely to provide expert testimony in anticipation of litigation. See Binns-Harty-Bolt v. McDonough, No. 21-CV-7276 (PAE) (BCM), 2024 U.S. Dist. LEXIS 211331, *7 (S.D.N.Y. Nov. 18, 2024) (referencing FED. R. CIV. P. 26(a)(2)(B)). Accordingly, Plaintiff establishes his listed medical providers are at the very least not "retained experts,"[4] subject to Rule 26(a)(2)(B)'s expert report requirement. See id. ("If the witness has not been retained…, a written report… is not required.") (internal quotations omitted).

---

[4] Cf. *supra* note 3 and accompanying text.

Moving forward, assuming that Plaintiff's treating medical providers are not "retained experts," it remains unclear whether Plaintiff wishes to designate those medical providers as proper non-retained experts or merely fact witnesses.

To the extent that Plaintiff only wishes to designate his treating medical providers as fact witnesses, Plaintiff only needed to serve Defendants a disclosure, identifying the providers by "name and, if known, the[ir] address[es] and telephone number[s][.]" FED. R. CIV. P. 26(a)(1)(A)(i).[5]

However, to the extent that Plaintiff wishes to designate his treating medical providers as experts, more is required. The Court emphasizes that, under Rule 26(a)(2)(C), Plaintiff must at least serve a written disclosure, identifying these treatment providers *by name* and stating:

    i.   the subject matter on which the treating medical provider is expected to present evidence; and

   ii.   a summary of the facts and opinions to which the treating medical provider is expected to testify.

See FED. R. CIV. P. 26(a)(2)(C). Plaintiff may not just send his medical records and consider that sufficient.

---

[5] The Court assumes Plaintiff included his treating medical providers as fact witnesses in his initial disclosures. It is not exactly clear, however, whether these persons are only included within his "tentative" expert list.

B. *Plaintiff's Non-Medical Experts*

Regarding Plaintiff's list of "tentative," non-medical experts, the Court will require Plaintiff to have such proposed experts submit expert reports.

The Court again notes that it is the default rule to require a party to have his expert submit a written report to the opposition. See FED. R. CIV. P. 26(a)(2)(B). As the Court stated previously, these reports *must* contain:

    i.  a complete statement of all opinions the witness will express and the basis and reasons for them;

  ii.  the facts or data considered by the witness in forming them;

iii.  any exhibits that will be used to summarize or support them;

  iv.  the witness's qualifications, including a list of all publications authored in the previous 10 years;

   v.  a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

  vi.  a statement of the compensation to be paid for the study and testimony in the case.

Id.

Due to the complex nature of certain issues, "[t]he expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony so the opposing party may form an appropriate response." Coleman v. Am. Family Mut.

6

<u>Ins. Co.</u>, 274 F.R.D. 641, 644 (N.D. Ind. June 2, 2011). Put more simply, Plaintiff must have his non-medical experts submit written reports to testify at trial because their testimony is complex enough to require a more detailed notice to Defendants about their opinions. To that end, the Defendants have the right to be put on this type of notice so that they can decide whether to depose those experts and/or disclose their own experts.

### III. Conclusion

For the reasons above, Plaintiff's Motion (Dkt. #111) is GRANTED in part. The Court sets forth the following deadlines:

• Plaintiff's expert disclosures and reports, *both of which must comply with Rule 26(a)(2)*, are to be served **on or before March 31, 2025.**

• Defendants' depositions on these experts are to be finalized **by April 23, 2025.**

• Defendants' expert disclosures and reports are to be served **on or before May 12, 2025.**

• Plaintiff's depositions on these experts are to be finalized by the discovery deadline, **May 28, 2025.**

If the parties can show good cause, they may file a *joint* motion if needed to reorganize the above deadlines. However, the Court maintains that the discovery deadline will not be extended. <u>See</u> Dkt. #114.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. R. 72.2.  As such, it is an order of the Court unless reversed or modified by a district judge upon a motion timely made.

SO ORDERED this 18th day of March, 2025 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge